IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENNIS WEINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-438-RP |
| | § | |
| ROUND ROCK INDEPENDENT SCHOOL | § | |
| DISTRICT and HAFEDH AZAIEZ, *in his* | § | |
| *official capacity as Superintendent of Round Rock* | § | |
| *Independent School District*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Round Rock Independent School District's ("RRISD")

Second Motion to Dismiss, (Dkt. 31), and all associated briefing; Defendant Hafedh Azaiez's

("Azaiez") Second Motion to Dismiss, (Dkt. 32), and all associated briefing; and RRISD and

Azaiez's Opposed Motion to Strike Evidence Attached to Plaintiff's Response to Defendant

RRISD's Motion for Partial Dismissal, (Dkt. 39), and all associated briefing. Also before the Court is

Defendants' Opposed Motion to Strike the Addition of the Trustees as Defendants and the

Addition of Plaintiff's Texas Open Meetings Act Claim, (Dkt. 52).[1] Finally before the Court is the

Trustee Defendants'[2] Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 53).[3] Having

considered the parties' submissions, the record, and the applicable law, the Court issues the

following order.

---

[1] Plaintiff did not file a response to this motion.
[2] In his Second Amended Complaint, Plaintiff added the following Trustees of RRISD as parties to his case: Fabian Cuero, Amber Landrum, Alicia Markum, Melissa Ross, Michael Wei, Amy Weir, and Chuy Zarate. (2d. Am. Compl., Dkt. 27, at 2–3). The Trustees are all sued in their official capacities. (*Id.*).
[3] Plaintiff did not file a response to this motion.

## I. BACKGROUND

On December 23, 2025, the Court entered an Amended Order granting in part and denying in part RRISD's Motion to Dismiss, (Dkt. 11), and granting Azaiez's Motion to Dismiss, (Dkt. 10). (Am. Order, Dkt. 27).[4] The Court's Amended Order dismissed Plaintiff's Declaratory Judgment Act ("DJA") claim for an alleged violation of Texas Family Code § 221.110 and Plaintiff's retaliation claim under Texas Family Code § 221.110 against RRISD with prejudice. (*Id.* at 19). The Court's Amended Order also dismissed Plaintiff's 42 U.S.C. § 1983 claim against Azaiez in his official capacity with prejudice and ordered that Plaintiff's *ultra vires* claims against Azaiez may only proceed based on ¶ 66a-f, i, and j-l of Plaintiff's First Amended Complaint. (*Id.*). The Court allowed Plaintiff's plausibly pled claims against RRISD under the Texas Whistleblower Act ("TWA")—for his alleged good-faith reports of violations of the law to the other chiefs of school district police departments and the Texas Attorney General's Office—to proceed, as well as those claims RRISD did not seek to dismiss. (*Id.* at 13–14). The Court granted Plaintiff leave to replead his § 1983 claim against RRISD, if he wished to do so, on or before January 16, 2026. (*Id.* at 19).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143

---

[4] For a detailed Background section describing the allegations of Plaintiff's Amended Complaint, (Dkt. 7), the Court refers to its Amended Order granting in part and denying in part RRISD's Motion to Dismiss, (Dkt. 11), and granting Azaiez's Motion to Dismiss, (Dkt. 10). (Am. Order, Dkt. 27, at 1–4). The Court will reference factual allegations from Plaintiff's Second Amended Complaint where necessary throughout this Order.

F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

### A. Plaintiff's Second Amended Complaint

On January 16, 2026, Plaintiff filed a Second Amended Complaint that included a revised § 1983 claim against RRISD *and* the RRISD Board of Trustees. (2d. Am. Compl., Dkt. 30, at 17–21). Plaintiff's Second Amended Complaint also added a Declaratory Judgment claim under the Texas Open Meetings Act ("TOMA") as well as a claim under TOMA itself. (*Id.* at 28–33). Additionally, Plaintiff's Second Amended Complaint repleaded one of his alleged good-faith reports of violations of the law under the TWA, (Dkt. 30, at 25), which the Court had previously dismissed in its December 23, 2025 Amended Order, (Dkt. 27, at 13–14).

In Defendants' Opposed Motion to Strike the Addition of the Trustees as Defendants and the Addition of Plaintiff's Texas Open Meetings Act Claim, Defendants argue that Plaintiff did not comply with Federal Rules of Civil Procedure 15 and 16, nor Local Rule 15,[5] in adding the RRISD Trustees as defendants in this case, or adding his claims under TOMA. (Dkt. 52, at 3–8). The Court

---

[5] Local Rule 15 of the United States District Court for the Western District of Texas provides essentially the same directives, in substance, as Federal Rules of Civil Procedure 15 and 16.

agrees that Plaintiff's Second Amended Complaint was not filed in accordance with the federal or local rules, nor the Court's own directive, (Am. Order, Dkt. 27, at 19). When Plaintiff filed his Second Amended Complaint on January 16, 2026, the deadline in the Scheduling Order for this case for amended pleadings or the joinder of parties had passed on October 1, 2025, (Scheduling Order, Dkt. 24). Federal Rule of Civil Procedure 16(b)(4) mandates that an entered schedule order "may be modified only for good cause and with the judge's consent." Plaintiff did not attempt to show good cause for this late amendment. Accordingly, the portions of Plaintiff's Second Amended Complaint not pertaining to his amended § 1983 claim against RRISD only are not properly before the Court pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), as Plaintiff did not seek the consent of the Court to amend.[6]

Given that the Court did not grant Plaintiff leave to amend his pleadings outside of repleading his § 1983 claim against RRISD only, the Trustee Defendants and the following claims in Plaintiff's Second Amended Complaint are not properly before the Court: (a) the Declaratory Judgment claim under TOMA within Count Five; (b) Count Six in its entirety; and (3) the alleged third violation as part of Plaintiff's TWA claims. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4). *See also U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Therefore, for the sake of clarity on the docket, the Court will order Plaintiff to file a Third Amended Complaint— having removed the Trustee Defendants and his improperly added claims, and in accordance with the following decisions of the Court.[7] Accordingly, the Trustee Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 53), is moot.

---

[6] Plaintiff's amended § 1983 claim against RRISD is properly before the Court because the Court granted Plaintiff leave to amend this claim only on December 23, 2025. (Am. Order, Dkt. 27, at 19).

[7] Given that the Court is addressing here RRISD's arguments as to Plaintiff's repleaded § 1983 claim against it, Plaintiff's filing of a Third Amended Complaint shall not be an opportunity for RRISD to file an additional motion to dismiss. Plaintiff's Third Amended Complaint will only serve the purpose of clarifying the live claims in this matter.

**B. RRISD's Second Motion to Dismiss**

Before considering Plaintiff's repleaded § 1983 claim against RRISD, the Court must address another procedural concern. In its Second Motion to Dismiss, RRISD moves to dismiss claims *aside from* Plaintiff's repleaded § 1983 claim against RRISD—specifically, Plaintiff's DJA claims under Texas Government Code § 614.023 and Plaintiff's due process, due course of law, and equal protection claims—which RRISD had not moved to dismiss initially.[8] (RRISD 2d. Mot. Dismiss, Dkt. 31, at 5–12). Given that the Court explicitly did not grant Plaintiff leave to amend any of those claims, any amendments pertaining to those claims are not properly before the Court. As such, the Court will not consider RRISD's arguments as to those claims.[9]

In its Second Motion to Dismiss, RRISD also raises the same issue the Court addresses above of Plaintiff repleading the alleged third violation as part of his TWA claims. (RRISD 2d. Mot. Dismiss, Dkt. 31, at 14–15). The Court will not reach RRISD's arguments as to this TWA claim or Plaintiff's TOMA claims, as those claims are not properly before the Court. As such, the Court will only consider RRISD's arguments as to Plaintiff's repleaded § 1983 claim against it from its Second Motion to Dismiss.

---

[8] The Court made clear in a footnote in its Amended Order granting in part and denying in part RRISD's Motion to Dismiss, (Dkt. 11), that RRISD had not moved to dismiss these claims. (Am. Order, Dkt. 27, at 4 n.1).

[9] To the extent Plaintiff's allegations were the exact same as to those claims, Federal Rule of Civil Procedure 12(g)(2) would bar RRISD from moving to dismiss those claims now. Rule 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Though Plaintiff filed a Second Amended Complaint, "[t]he filing of an amended complaint [would] not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647–48 (W.D. Tex. 2006) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388).

**1. Plaintiff's Repleaded § 1983 Claim against RRISD**

**a. First Amendment Violation**

Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 for violations of his First Amendment rights, made applicable to RRISD through the Fourteenth Amendment.[10] He alleges that RRISD retaliated against him for exercising his constitutional right to free speech. (2d. Am. Compl., Dkt. 30, at 20). "The [Supreme] Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). "To establish a prima face First Amendment retaliation claim, a public employee must show, *inter alia*, that [s]he spoke as a citizen, and not as a public employee." *Paske v. Fitzgerald*, 785 F.3d 977, 983–84 (5th Cir. 2015). If that threshold question is met, then Plaintiff must show: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in the speech outweighed RRISD's interest in promoting efficiency; and (4) his speech motivated the adverse employment action. *Haverda v. Hays County*, 723 F.3d 586, 591 (5th Cir. 2013).

"An employee is not speaking as a citizen—but rather in [her] role as an employee—when [s]he 'make[s] statements pursuant to [her] official duties.'" *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007) (quoting *Garcetti*, 547 U.S. at 421). An employee's official duties are not necessarily defined by a job description and are not limited to the subject matter of one's employment. *Garcetti*, 547 U.S. at 421–22. "Activities undertaken in the course of performing one's job are activities pursuant to official duties," even if the employee is not required to undertake the activity. *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007).

At the outset, the Court notes that Plaintiff represents that he inadvertently realleged four instances in which he allegedly engaged in protected speech which the Court had previously dismissed. (Resp. to RRISD 2d. Mot. Dismiss, Dkt. 36, at 14; Am. Order, Dkt. 27, at 8). As such, the

---

[10] As described above, Plaintiff's allegations against the RRISD Trustees are not properly before the Court.

Court considers only the parties' arguments as to Plaintiff's alleged protected speech of submitting a letter to Azaiez giving him notice that Plaintiff "referred an investigation regarding interference with police duties and the delayal and non-reporting of crimes to the Texas Attorney General's Office" and his referral of the investigation to the Attorney General's Office itself.[11] (2d. Am. Compl., Dkt. 30, at 18). While RRISD argues that this speech was not protected because it occurred in the course of Plaintiff performing his official duties, (RRISD 2d. Mot. Dismiss, Dkt. 31, at 17), at this early pleading stage, the Court finds it plausible that Plaintiff's referral of an investigation to the Texas Attorney General's Office was protected speech as a private citizen. "If . . . a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen." *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008) (citing *Freitag v. Ayers,* 468 F.3d 528 (9th Cir. 2006)).

RRISD also argues that Plaintiff did not plead either an adverse employment action or a causal connection between his alleged speech and an adverse employment action. (RRISD 2d. Mot. Dismiss, Dkt. 31, at 17). Plaintiff has alleged, however, that he was subject to several plausible adverse employment actions including receiving a summary of multiple anonymous allegations against him, a reduction in the scope of his authority and duties, placement on administrative leave, and non-renewal of his contract. (2d. Am. Compl., Dkt. 30, at 12, 19–20). *See Bonillas v. Harlandale Indep. Sch. Dist.*, 832 F. Supp. 2d 729, 741 (W.D. Tex. 2011) (listing "a written reprimand, a poor performance evaluation, and nonrenewal of [plaintiff's] contract" as proper allegations of adverse employment actions for the purposes of a First Amendment retaliation claim). "Adverse

---

[11] While the Court believes either of these interrelated bases for alleging an instance of protected speech would suffice at this stage, the parties seem to agree that Plaintiff's referral of the investigation to the Attorney General's Office is the sole basis for protected speech in dispute. (Reply in support of RRISD 2d. Mot. Dismiss, Dkt. 40, at 2–3; Resp. to RRISD 2d. Mot. Dismiss, Dkt. 36, at 18).

employment actions can include discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999). Further, the Court finds that Plaintiff's complaints about alleged violations of state law and a mishandled investigation of the sexual assault of a minor are plausibly matters of public concern that outweigh RRISD's interest in promoting efficiency. The Court also concludes that RRISD's bare argument that Plaintiff did not plead a causal connection between his alleged speech and an adverse employment action is not convincing at this stage and that Plaintiff has indeed plausibly alleged a series of events leading to the non-renewal of his contract. Therefore, construing all facts in favor of Plaintiff, the Court holds that he has stated a First Amendment retaliation claim sufficient to survive RRISD's Second Motion to Dismiss.

### b. Municipal Liability under 42 U.S.C. § 1983

In its December 23, 2025 Amended Order, the Court concluded that for Plaintiff to properly allege a § 1983 claim against RRISD for a violation of his First Amendment rights, he would have to plead an official policy of retaliation in violation of the First Amendment by the municipal policymaker, not an official policy of failing to report child abuse or neglect. (Dkt. 27, at 10–11). The Court further explained that in the alternative, "municipal liability may [also] be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 489 (1986). (Am. Order, Dkt. 17, at 10–11). "It is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a *final policymaker*." *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (emphasis added).

In his First Amended Complaint, Plaintiff failed to plead that the decision to not renew his contract, motivated by retaliation in violation of the First Amendment, was recommended or ratified

by the final policymaker of RRISD, the Board of Trustees.[12] (Am. Order, Dkt. 17, at 11). Plaintiff also failed to plead facts suggesting that Board of Trustees may have approved of a subordinate's—such as Azaiez's—recommendation and reasoning to not renew his contract. *See, e.g., Culbertson v. Lykos*, 790 F.3d 608, 621 (5th Cir. 2015) ("If a final policymaker approves a subordinate's recommendation and also the subordinate's reasoning, that approval is considered a ratification chargeable to the municipality."); *see also Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 603 (5th Cir. 2001) (stating that a plaintiff "must impute [a subordinate's] allegedly improper motives to the board by demonstrating that the board approved both [the subordinate's] decision and the basis for it"). (Am. Order, Dkt. 17, at 11).

Plaintiff has now repleaded his § 1983 claim against RRISD. Plaintiff alleges that the RRISD's Board of Trustees—the District's policymaker—received the District's administration's recommendation "to issue Non-Chapter 21 employment contracts in a close session of their Regular Meeting" on May 16, 2024, and then "explicitly voted, unanimously, to accept [the] RRISD's Administration's recommendations and reasoning and did not renew [Plaintiff's] Non-Chapter 21 Employment contract." (2d. Am. Compl., Dkt. 30, at 20). A plaintiff who brings a § 1983 claim under the "extremely narrow" single incident exception contemplated in *Pembaur v. City of Cincinatti* must show "(1) the hiring decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (citations and quotations omitted). Plaintiff has shown that the decision to not renew his contract was made by the final policymaker—the RRISD Board of Trustees. The standard for showing that Plaintiff's injury of retaliation was the "plainly obvious consequence" of

---

[12] "[W]hether an official had final policymaking authority is a question of state law." *Pembaur*, 475 U.S. at 483. "Texas law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 365 (5th Cir. 2020) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993)).

the decision not to renew his contract is "a high bar." *Id.* at 368. But, at the pleading stage, the Court must construe all facts in favor of the Plaintiff. As such, the Court finds Plaintiff has plausibly alleged sufficient facts for the motion to dismiss stage for this second prong of the single incident exception. Accordingly, the Court will allow Plaintiff's § 1983 claim against RRISD to proceed but warns Plaintiff of this high bar to clear in further stages of the litigation.

### B. Azaiez's Second Motion to Dismiss

At the outset, the Court notes that it did not grant Plaintiff leave to amend his *ultra vires* claims against Azaiez; rather, the Court allowed Plaintiff's *ultra vires* claims to *only* proceed based on ¶ 66a-f, i, and j-l of his First Amended Complaint. (Am. Order, Dkt. 27, at 19). As such, in Plaintiff's Second Amended Complaint, he includes only the bases for his *ultra vires* claims the Court allowed to proceed. (2d. Am. Compl., Dkt. 30, at 27–28 ¶ 82a-j). In Azaiez's initial Motion to Dismiss, (Dkt. 10), concerning these same *ultra vires* claims, he did not raise arguments under Federal Rule of Civil Procedure 12(b)(1). Now, however, Azaiez moves to dismiss Plaintiff's *ultra vires* claims against him under Rule 12(b)(1). (Dkt. 32). A federal court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction." Fed. R. Civ. P. 12(h)(3). Thus, lack of subject-matter jurisdiction may be raised at any time by any party, or by the court sua sponte. *Bank One Tex. v. United States*, 157 F.3d 397, 403 (5th Cir. 1998); *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). As such, the Court will consider Azaiez's claims under Rule 12(b)(1).

"Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the employee acted ultra vires." *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011). Governmental immunity does not bar such *ultra vires* claims, but the only remedies available to a successful plaintiff are prospective declaratory and injunctive relief. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376, 380 (Tex. 2009). To

11

state an *ultra vires* claim, "a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. A government official acts *ultra vires* "if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Hou. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016). Ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). In his Second Amended Complaint, Plaintiff alleges a number of bases for his *ultra vires* claims and "seeks prospective injunctive relief against Azaiez, including reinstatement to his former position or an equivalent position and reinstatement of fringe benefits and seniority rights lost due to his termination." (2d. Am. Compl., Dkt. 30, at 28).

Azaiez argues that (a) Plaintiff's claims in ¶ 82a-c should be dismissed because they are not likely to be redressed by a favorable judicial decision; (b) Plaintiff's claims in ¶ 82d, h-j should be dismissed because Plaintiff's "termination" is not fairly traceable to Azaiez's conduct and Plaintiff's "termination" is not likely to be redressed by a favorable judicial decision; (c) Plaintiff's claims in ¶ 82h, j should also be dismissed because governmental immunity has not been waived for these claims; and (d) Plaintiff's claims in ¶ 82e-g should be dismissed because he cannot establish any of the elements of standing. (Azaiez 2d. Mot. Dismiss, Dkt. 32, at 7–13). Azaiez's arguments are grounded in asserting that Plaintiff lacks constitutional standing to bring his claims.[13]

To begin, because "the only remedies [for *ultra vires* claims] available to a successful plaintiff are prospective declaratory and injunctive relief," the Court agrees that ¶¶ 82a-c of Plaintiff's *ultra*

---

[13] To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

*vires* claims must be dismissed because Plaintiff seeks only the *retrospective* relief of Azaiez providing him with signed copies of the complaint(s) against him. *City of El Paso*, 284 S.W.3d at 376, 380. No prospective relief can remedy these alleged failures. In other words, Azaiez's past alleged failure to provide Plaintiff with signed copies of the complaint(s) against him prior to Plaintiff's contract not being renewed cannot be remedied by Azaiez now providing such documents.

Next, Azaiez argues that (1) Plaintiff was not "terminated"—rather, the Board of Trustees voted not to renew his contract and (2) Azaiez did not have the power to not renew Plaintiff's contract; rather, that authority lies with the RRISD Board of Trustees, as Plaintiff himself alleges. (Azaiez 2d. Mot. Dismiss, Dkt. 32, at 8–10). Accordingly, the Court agrees that Plaintiff's claims in ¶ 82d, h-j are not "fairly traceable" to Azaiez, and therefore Plaintiff does not have standing to bring these claims against Azaiez. *See Spokeo*, 578 U.S. at 338. Because the Court makes this finding, the Court will not reach the parties' arguments as to whether governmental immunity has been waived regarding Plaintiff's ¶ 82h and j claims.

Additionally, Azaiez argues that Plaintiff's claims in ¶ 82e-g should be dismissed because he cannot establish *any* of the elements of standing. (Azaiez 2d. Mot. Dismiss, Dkt. 32, at 12–13). Azaiez brings multiple arguments as to why this is the case, but the Court is most persuaded by the similar argument raised above that the Court is unable to offer any prospective relief as to these claims. To start, Plaintiff's claims in ¶ 82e, f are not redressable by the Court. Plaintiff seeks "reinstatement to his former position or an equivalent position." (2d. Am. Compl., Dkt. 30, at 28). Assuming that Plaintiff is suggesting—albeit not directly—that Azaiez's actions in ¶82e and f contributed to his alleged termination, these claims are not redressable because the RRISD Board of Trustees is the ultimate arbiter of Plaintiff's employment with RRISD, as Plaintiff alleges numerous times. As such, the proper defendants for these claims would be the RRISD Board of Trustees, rather than Azaiez. *See Stem v. Gomez*, 813 F.3d 205, 214 (5th Cir. 2016)

13

Finally, for ¶ 82g, the Court agrees that Plaintiff has not pleaded that *he* suffered an injury-in-fact by Azaiez "[f]ailing to report or failing to assure RRISD personnel report a sexual assault on April 12, 2024 as required by Section 261.101 of the Texas Family Code." (2d. Am. Compl., Dkt. 30, at 27). Section 261.101 of the Texas Family Code does not include a provision requiring the superintendent of a school district to make a report specifically to the Chief of Police of the school district (Plaintiff's former role), nor does that statute involve the Chief of Police at all. As such, the Court finds that Plaintiff has not met his burden to establish his injury-in-fact. *See Spokeo*, 578 U.S. at 338.

Because the Court has found that each of Plaintiff's alleged bases for his *ultra vires* claim against Azaiez must be dismissed under Federal Rule of Civil Procedure 12(b)(1),[14] the Court will not reach Azaiez's arguments under Rule 12(b)(6), but notes that Rule 12(g)(2) [15] would have barred these arguments. "The filing of an amended complaint [would] not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 647–48 (W.D. Tex. 2006) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1388).

### C. RRISD and Azaiez's Opposed Motion to Strike Evidence

In RRISD and Azaiez's motion, they move to strike Plaintiff's Exhibits A–D attached to his Response to RRISD's Second Motion to Dismiss, (Dkt. 36). (Dkt. 39). The Court finds these exhibits unnecessary to its disposition of RRISD's Second Motion to Dismiss and therefore will not reach the parties' arguments as to this motion. Accordingly, the Court deems this motion moot.

---

[14] The dismissal will be without prejudice due to the Court's lack of jurisdiction. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("[A]ny dismissal predicated on Fed. R. Civ. P. 12(b)(1) must be without prejudice.").
[15] Rule 12(g)(2) states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that RRISD's Second Motion to Dismiss, (Dkt. 31), is **DENIED**.

**IT IS FURTHER ORDERED** that Azaiez's Second Motion to Dismiss, (Dkt. 32), is **GRANTED**, such that Plaintiff's *Ultra Vires* Claim against Azaiez is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court shall **TERMINATE** Azaiez as a Defendant in this case.

**IT IS FURTHER ORDERED** that Defendants' Opposed Motion to Strike Evidence Attached to Plaintiff's Response to Defendant RRISD's Motion for Partial Dismissal, (Dkt. 39), is **MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Opposed Motion to Strike the Addition of the Trustees as Defendants and the Addition of Plaintiff's Texas Open Meetings Act Claim, (Dkt. 52), is **GRANTED**, and the Clerk of Court shall **TERMINATE** the RRISD Trustees as Defendants in this case.

**IT IS FURTHER ORDERED** that the Trustee Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 53), is **MOOT**.

Finally, only for the purpose of providing clarity to the docket, **IT IS FURTHER ORDERED** that Plaintiff shall file a Third Amended Complaint[16] **on or before May 25, 2026** with *only* the live claims in this case.[17] As such, **IT IS FURTHER ORDERED** that Azaiez's Motion for Summary Judgment, (Dkt. 47), and RRISD's Motion for Summary Judgment, (Dkt. 48), are **MOOT**.

---

[16] While the Court was considering the motions at issue, Plaintiff filed a Third Amended Complaint, again in violation of Federal Rules of Civil Procedure 15 and 16, and Local Rule 15. As such, the Court will be striking that Third Amended Complaint.

[17] Looking to Plaintiff's Second Amended Complaint, those claims include: Count One; Count Two (only as to RRISD); Count Three (only as to the first and second alleged violations of the law); and Count Five (excluding the violation of TOMA). With the exception of Count Two, each claim should *only* include the allegations of Plaintiff's Amended Complaint, (Dkt. 7).

**IT IS FINALLY ORDERED** that the new deadline for dispositive motions in this matter

is **August 10, 2026**. The Court will set this case for trial at a later date, if at all.

**SIGNED** on May 8, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE